

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,986

### EX PARTE KEVIN RICARDO DORSEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 988310 IN THE 182nd DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault of a family member and sentenced to fifteen years' imprisonment.

Applicant contends that his counsel rendered ineffective assistance because she failed to timely file a notice of appeal.

The trial court has obtained an affidavit from counsel, and held an evidentiary hearing, in order to address the Applicant's claim. It appears from the record that the Applicant was deprived

of his meaningful right to a direct appeal, but through no fault of either counsel or the Applicant. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 988310 from the 182nd Judicial District Court of Harris County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: September 10, 2008
Do Not Publish